IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| YANCY C. COX, and ) | |
| ) | C.A. #: 9:05-0518-23 |
| AMANDA R. COX, ) | **ORDER** |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

This matter is before the Court upon Defendant United States of America's (hereinafter "the Government") Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(1). For the reasons set forth herein, the Government's motion to dismiss is granted.

**BACKGROUND**

Beginning on Decemeber19, 2002, Plaintiff Yancy C. Cox was employed by Sodexho as a chief cook assigned to work at the 3rd Recruit Training Battalion Mess Hall on Parris Island, South Carolina. Sodexho is an independent contractor of the United States Marine Corps providing food services to the Parris Island Depot.

On or about February 22, 2003, Yancy C. Cox was walking to the back loading dock area at the mess hall when he slipped and fell down a stairwell and sustained an injury. Plaintiff received Workers' Compensation benefits from Sodexho pursuant to the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-400 *et seq*.[1] On June 16, 2004, Mr. Cox filed an administrative claim with the Government, but the parties were unable to resolve the matter. Mr. Cox then instigated this negligence action on February 18, 2005, alleging that the Government is

---

[1] Mr. Cox admits this point. (Pl. Resp. at 1).

1

responsible for Sodexho's acts and omissions that caused his injuries.[2]

At the time of Mr. Cox's employment, Sodexho and the Government were parties to a contract which required Sodexho to provide insurance coverage, including workers' compensation coverage, to its employees. *See* Gov. Mem., Ex. A. The policy listed Sodexho as the "Insured" and the United States Marine Corps as the "Certificate Holder," and was effective from June 1, 2002 through June 1, 2003, the period during which Mr. Cox was injured.

## STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which the jurisdiction can be founded, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgement. *Richmond, Fredericksburg & Potomac R. Co. v. U.S.,* 945 F.2d 765, 768 (4th Cir.1991).

## DISCUSSION

The central disputes between the parties in the matter are (1) whether the Government falls within the definition of a "statutory employer", as defined and contemplated by the South Carolina Workers' Compensation Act, and (2) whether the Government procured compensation for Mr. Cox

---

[2] Amanda R. Cox, Yancy Cox's wife, filed a claim for loss of consortium. In the Government's Motion to Dismiss, it alleged that Ms. Cox's claim was barred because she did not comply with the requisite administrative filing requirements. *See* 28 U.S.C. 2675(a); *Ahmed v. United States*, 30 F. 3d 514 (4th Cir. 1994). Cox now admits that the Government is correct, and withdraws her claim. *See* Def. Resp. at 1, n.1.

2

in compliance with the Act so as to be entitled to immunity from tort liability under the Act's exclusive remedy provisions. *See Glover v. United States*, 523 S.E.2d 763 (S.C. 1999). If the Government qualifies as a statutory employer and procured worker's compensation coverage for Cox, then Mr. Cox's exclusive remedy is the workers' compensation benefits he has already received. *See Marchbanks v. Duke Power Co.,* 2 S.E.2d  825, 836 (S.C. 1939) (holding that a "statutory employer" was shielded from tort liability by the exclusive remedy of the workers' compensation law); *Cf. Harrell v. Pineland Plantation, Ltd.,* 523 S.E. 2d 766 (S.C. 1999) (holding that a statutory employer must secure the payment of worker's compensation to an injured worker in order to claim immunity under the Act) . On the other hand, if the Government is not a "statutory employer" or has failed to procure coverage for Mr. Cox, then Mr. Cox is not limited to the exclusive remedy provisions of the statute, and may also pursue this tort action. *See, e.g., Harrell,* 523 S.E. 2d at 775 (holding that a statutory employer could "not avail itself of tort immunity under the Act's exclusive remedy provision because it failed to secure the payment of compensation as prescribed by the Act."). The court first addresses whether the Government is a statutory employer on the facts presented, and then turns to the question of whether the Government adequately procured compensation for Mr. Cox's injuries.

### A.     Statutory Employer

South Carolina bars tort suits by an employee against an employer when workers' compensation covers that employee. *See* S.C.Code § 42-1-540 (hereinafter the "exclusive remedy provision"). This bar extends to "statutory employers" - those who do not employ the plaintiff but are treated as if they did. The rationale is to prevent evasion of the workers' compensation laws via subcontracting. *Glass v. Dow Chemical Co.,* 325 S.C. 198, 482 S.E.2d 49, 50 n. 1 (S.C.1997).

Thus, when an entity contracts out work, it is a statutory employer of any employees of the subcontractor who perform work that involves "part of [the] trade, business or occupation" of that entity. *See* S.C.Code § 42-1-400. South Carolina courts have interpreted this provision as covering activities that :

>   (1) are an important part of the trade or business of the employer,
>   (2) are a necessary, essential, and integral part of the business of the employer, or
>   (3) have been previously performed by employees of the employer.

*Glass,* 482 S.E.2d at 50. The first two prongs require asking whether the work at issue is part of the entity's "basic operation." *See id.* at 51. If the activity at issue meets even one of these three criteria, the worker qualifies as the statutory employee of the owner. *Olmstead v. Shakespeare,* 581 S.E.2d 483 (S.C. 2003). Any doubts as to a worker's status should be resolved in favor of including him or her under the Workers' Compensation Act. *Edens v. Billini,* 597 S.E. 2d 863, 868 (S.C. 2004).

Here, there is no question that Mr. Cox was performing duties that were an important part of the trade or business of the Government. After all, the provision of food to the Marine Corps is clearly a "necessary, essential, and integral part of the business of [the Government.]" *Glass,* 482 S.E.2d at 50; *see also Carrier v. Westvaco Corp.,* 806 F.Supp. 1242, 1245 (D.S.C. 1992) (finding a truck driver who was injured while waiting for his truck to be unloaded at a manufacturing plant to be a statutory employee of that manufacturing plant because "[t]he trucking of goods from its plant to its customers is an essential and important part of Westvaco's trade and a necessary and integral part of its business."); *Edens,* 597 S.E. 2d at 869. Accordingly, the Government qualifies as Mr. Cox's statutory employer.

    **B.**    **The Government's Duty to Procure Compensation For Cox**

4

As noted above, if a worker such as Mr. Cox is properly classified as a statutory employee, his sole remedy for work-related injuries is to seek relief under the Workers' Compensation Act. *Hancock v. Wal-Mart Stores, Inc.,* 584 S.E.2d 398 (S.C. Ct. App.2003); s*ee also Carter v. Florentine Corp.*, 423 S.E.2d 112 (1992), *overruled on other grounds by Ballenger v. Bowen,* 443 S.E.2d 379 (1994) (holding that an employee may not maintain a negligence cause of action against his direct employer or his statutory employer). While this principle seemingly ends the inquiry in the matter *sub judice*, there is one additional consideration. In order to secure tort immunity, the Government must demonstrate that it secured the payment of compensation for any injuries incurred as required by S.C. Code Ann. § § 42-5-20 and 42-5-10. *See Harrell v. Pineland Plantation, Inc.,* 494 S.E. 2d 123 (S.C. Ct. App. 1997). Additionally, the Government, as a statutory employer, may avail itself of tort immunity under the Workers' Compensation Act by procuring coverage in accordance with § 42-1-415,[3] a section which was added to the Act in 1997. Section 42-1-415(A) provides:

> Notwithstanding any other provision of law, upon the submission of documentation

---

[3] The Government appears to conflate the inquiries into whether it qualifies as a statutory employer and the question of whether it adequately procured compensation in accordance with § 42-1-415. Essentially, the Government seems to argue that it is a statutory employer because it complied with § 42-1-415. *See* Gov. Reply at 4 ("We have attached a Certificate of Insurance showing that Sodexho held a workers' compensation insurance policy at the time of this incident on behalf of the United States Marine Corps. Therefore, the United States is relieved of liability afforded a "statutory employer."). Cox also seemingly misapprehends the relevant inquiry, as he simply argues that the Government is not a statutory employer because it "has neither alleged or provided proof that it had insurance to cover its potential Workers' Compensation liabilities under the Act, nor has it alleged or proved that this Defendant qualifies as a self-insurer under the Act." (Pl. Opp. at 3). In the court's opinion, both parties' arguments are slightly misplaced, as the inquiry is two part: (1) first, whether the Government qualifies as a statutory employer based on the three-part test articulated in *Glass*; and (2) if the Government is a statutory employer, did it directly provide insurance or qualify as a self-insurer within the meaning of § 42-5-20, or procure insurance within the meaning of § 42-1-415.

5

> to the commission that a contractor or subcontractor has represented himself to a higher tier subcontractor, contractor, or project owner as having workers' compensation insurance at the time the contractor or subcontractor was engaged to perform work, the higher tier subcontractor, contractor or project owner must be relieved of any and all liability under this title except as specifically provided in this section.

The parties dispute the applicability of this section. The Government contends that it is directly on point, and that it complied with this requirement by procuring coverage through its contract with Sodexho (Def. Mem., Ex. A). Mr. Cox, however, argues that this statutory language is taken "out of context" and is "not controlling in regarding this issue." (Pl. Opp. at 3). Cox's position is that because the Government did not directly purchase insurance and does not qualify as a self-insurer, the fact that it procured coverage through its contract with Sodexho is irrelevant.

Both the Government and Mr. Cox rely on *Glover v. United States*, 523 S.E.2d 763 (S.C. 1999) in support of their respective arguments. In *Glover,* the South Carolina Supreme Court reviewed a certified question presented by this court. The question certified to the supreme court essentially asked that court to clarify statutory employer immunity under South Carolina law in light of *Harrell:*

> In light of the South Carolina Court of Appeals' decision in *Harrell v. Pineland Plantation, Inc.,* must an owner within the meaning of S.C. Code § 42-1-400 have either directly purchased insurance to cover his potential workers' compensation liabilities or have qualified as a self-insurer (as set forth in S.C. Code § 42-5-20) before the owner may claim immunity from suit in tort by an injured worker of his contractor or subcontractor pursuant to the "exclusive remedy" provisions of the Workers' Compensation Act?

The South Carolina Supreme Court answered this question in the affirmative. *See Glover,* 523 S.E.2d at 765. However, the injuries in *Glover* occurred in 1995 prior to the enactment and amendment of S.C.Code § 42-1-415, the statute at issue in the present matter. Because the *Glover* decision was

6

after the enactment of § 42-1-415, however, the court had occasion to speak to the impact of this new enactment on the existing statutory scheme. The *Glover* court explained

> [P]rior to the enactment and amendment of S.C.Code § 42-1-415 the fact that the immediate employer had properly secured the payment of compensation did not remove the statutory employer's obligation under the Act. As observed by this court in *Harrell,* the Act imposed a scheme where the owner and the immediate employer were subjected to the requirements of the Act, and the employees received double protection. . . .
>
> [However,] [u]nder S.C.Code § 42-1-415, as amended, a statutory employer no longer needs to secure the payment of compensation to avail itself of tort immunity under the Act, if the requirements of section 42-1-415 are met.[4]

In the instant case, unlike *Glover* and *Harrel,* the injuries occurred after the passage of section 42-1-415. Because the Government procured insurance covering Cox in compliance with § 42-1-415 by its contract with Sodexho, and because Cox recovered benefits under this scheme, Cox may not pursue an additional tort action against the Government. Accordingly, the court is without subject matter jurisdiction, and the Government's motion to dismiss must be granted.

---

[4] The *Harrell* court also explained the consequences of § 42-1-415. In *Harrell*, the Supreme Court of South Carolina held that the Defendant statutory employer "was not entitled to avail itself of tort immunity under the [Workers' Compensation] Act's exclusive remedy provision because it failed to secure the payment of compensation as prescribed by the Act." 523 S.E. 2d at 775. As in *Glover*, however, the *Harrell* plaintiff's injuries had occurred prior to the enactment and amendment of S.C.Code § 42-1-415.
  With respect to this new section, the *Harrell* court explained:
  Under Section 42-1 -415(A), a statutory employer is no longer directly liable for workers' compensation payments whenever documentation is presented to the commission that a contractor or subcontractor represented himself to the statutory employer as having workers' compensation insurance. . . . The result is that a statutory employer need not secure the payment of compensation to avail itself of tort immunity under the Act, if the requirements of section 42-1-415 are met.
*Id.* at 774-775. As explained above, here, unlike in *Glover* and *Harrell,* the injuries occurred after the passage of § 42-1-415, and the Government complied with the requirements of this section.

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that the Government's Motion to Dismiss is hereby **GRANTED.**

                                  **AND IT IS SO ORDERED.**

                                  s/ Patrick Michael Duffy
                                  **PATRICK MICHAEL DUFFY**
                                  **UNITED STATES DISTRICT JUDGE**

**Charleston, South Carolina**
**June 13, 2005**